# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**
## NO. 02-16-00420-CV


PAUL LAIR                                  APPELLANT

V.

BRANDI LAIR                                 APPELLEE

----------

## FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 360-505502-11

----------

## MEMORANDUM OPINION[1]

----------

Appellant Paul Lair seeks to appeal the trial court's "decision to modify existing court orders." The notice states in part, "RE: Hearing September 08, 2016, September 28, 2016." On November 9, 2016, we notified Lair of our concern that we lack jurisdiction over this appeal because the trial court clerk had informed us that the trial judge had not signed an order, and we informed Lair

---

[1]*See* Tex. R. App. P. 47.4.

that because it appeared there was no final judgment or interlocutory order subject to appeal, his notice of appeal was premature. *See* Tex. R. App. P. 26.1, 27.1. We further informed Lair that unless he or any party desiring to continue the appeal furnished this court with a signed copy of the order that he seeks to appeal by November 29, 2016, we would dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f). We have not received a response.

The general rule is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if allowed by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). The trial court has not signed an appealable interlocutory order or a final judgment. Therefore, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DELIVERED: December 22, 2016

2